# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER MARK SCIARRA,** | : | |
| Plaintiff | : | CIVIL ACTION NO. 1:11-1945 |
| v. | : | (CONNER, D.J.) |
| | | (MANNION, M.J.) |
| **WARDEN DOMINICK DeROSE;** | : | |
| **DPTY. WARDEN ELIZABETH** | | |
| **NICHOLS; RICK CALDWELL;** | : | |
| **MELANIE; MAJOR STEWART;** | | |
| **and LT. JOSEPH CARNAZZO,** | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION[1]

On October 19, 2011, the plaintiff, then an inmate at the Dauphin County Prison, Harrisburg, Pennsylvania, filed the instant complaint alleging various violations of his civil rights in accordance with 42 U.S.C. §1983. (Doc. No. 1). On March 3, 2012, the court received a letter from the Dauphin County Prison stating that the plaintiff had been released from incarceration on February 16, 2012. (Doc. No. 10). As a result, by order dated March 9, 2012, the plaintiff was directed to either submit the balance of the filing fee due or submit the appropriate application to proceed *in forma pauperis* which was provided to him. (Doc. No. 11). On March 14, 2012, the plaintiff submitted the appropriate application to proceed *in forma pauperis*. (Doc. No. 12).

In reviewing the plaintiff's complaint, the court notes initially that a

---

[1]For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

majority of the plaintiff's allegations relate to requests for injunctive relief sought by the plaintiff. The plaintiff's release from incarceration moots any requested injunctive or declaratory relief. Abdul-Akbar v. Watson, 4 F.3d 195, 206-07 (3d Cir. 1993) (prisoner's transfer from a prison moots his claims for injunctive or declaratory relief where he is no longer subject to the conditions he alleges are unconstitutional); see also Weaver v. Wilcox, 650 F.2d 22, 27 (3d Cir. 1981) ("[A] prisoner lacks standing to seek injunctive relief if he is no longer subject to the alleged conditions he attempts to challenge."). As such, for purposes of the instant report, the court will not consider the allegations in the plaintiff's complaint related to his requests for injunctive relief.

Any request by the plaintiff for monetary damages would, of course, remain viable. To this extent, the plaintiff requests reimbursement for the confiscation of his newspapers while he was on "lock-in" status from April 20, 2011, through June 17, 2011. In addition, he seeks reimbursement of monies the Dauphin County Prison deducted from his inmate account for room and board.

With respect to his claim regarding the confiscation of newspapers, the plaintiff alleges that from April 20, 2011, through June 17, 2011, while he was on "lock-in" status, he was having newspapers delivered to the Dauphin County Prison. The plaintiff alleges that he was told that the newspapers were being held in the mail room until his release from "lock-in." After being released from "lock-in," the plaintiff alleges that he requested his newspapers,

but was only given one out of the thirty-two newspapers which were delivered. The plaintiff filed a grievance with the warden concerning the matter, which was forwarded to the mail room for a response. Officials from the mail room responded that "[a]ll papers were delivered." The plaintiff is seeking reimbursement for the newspapers which he has not received.

The plaintiff also seeks reimbursement of monies deducted from his inmate account for room and board. The plaintiff alleges that upon his arrival at the Dauphin County Prison on February 1, 2011, until the date of his complaint, October 14, 2011, the Prison charged him a "rent" fee. In doing so, the plaintiff alleges that the prison would take half of the monies he received as gifts from family and friends and put it toward his "rent" charges. The plaintiff alleges that he now owes the Prison over $3,000 for these charges. The plaintiff argues that he does not owe the Prison any damages and should not have to pay for "rent" because he was not convicted of a crime in Dauphin County or the State of Pennsylvania[2]. He alleges that he unsuccessfully

---

[2] A review of the records for the Court of Common Pleas of Dauphin County indicates that a criminal complaint was filed against the plaintiff on August 19, 2009, charging him with violations of 18 Pa.C.S. §4105 (bad checks) and 18 Pa.C.S. §903 (conspiracy - bad checks), for which the plaintiff entered a plea of guilty on June 7, 2011. See Commonwealth v. Sciarra, Criminal Docket No. CP-22-CR-0000545-2010. In addition, a criminal complaint was filed against the plaintiff on January 27, 2011, which charged the plaintiff with violations of 18 Pa.C.S. §2701 (simple assault), 18 Pa.C.S. §4304 (endangering welfare of children - parent/guardian/other commits offense), 18 Pa.C.S. §2709 (harassment - subject other to physical contact), and 18 Pa.C.S. §5503 (disorderly conduct engage in fighting), to which the
(continued...)

grieved this issue to the Warden.

As the plaintiff has not indicated the constitutional basis for his claims, the court assumes that the plaintiff is alleging a violation of his procedural due process rights in relation to the confiscation of his newspapers and the deduction of monies from his inmate account for the payment of room and board. To this extent, the Fourteenth Amendment forbids state actors from depriving persons of life, liberty or property without due process of law. U.S. Const. amend. XIV, §1; Elmore v. Cleary, 399 F.3d 279, 282 (3d Cir. 2005). In order for the plaintiff to state a claim for due process, he must establish "(1) that the state deprived him of a protected interest in life, liberty, or property and (2) the deprivation occurred without due process of law." Burns v. Pa. Dep't of Corr., 544 F.3d 279, 285 (3d Cir. 2008). Even assuming that the plaintiff has met the first prong of the analysis in claiming that the state deprived him of a protected interest in property, in determining what process is due an individual, "not all situations calling for procedural safeguards call for the same kind of procedure." Morrissey v. Brewer, 408 U.S. 471, 481 (1972). In cases involving both the confiscation of newspapers and the assessment of fees for room and board, courts within the Third Circuit have held that due process is fully satisfied where post-deprivation procedures are available through the normal prison grievance system. See Brown v. D.O.C.,

---

²(...continued)
plaintiff also entered a plea of guilty on June 7, 2011. See Commonwealth v. Sciarra, Criminal Docket No. CP-22-CR-0000959-2011.

2007 WL 4322980 (W.D.Pa.)[3], *vacated on other grounds,* 2007 WL 3274145 (where post-deprivation remedies in the form of grievance procedure and state tort law were available, plaintiff's claim that the confiscation of his newspapers constituted a deprivation of property without due process failed to state a claim as a matter of law); Tillman v. Lebanon Cnty. Corr. Facility, 221 F.3d 410 (3d Cir. 2000) (considering claim that assessment of fees for room and board was unconstitutional, the Third Circuit held that due process is fully satisfied where post-deprivation procedures are available through the normal prison grievance system); Heim v. Dauphin County Prison, 2011 WL 3875998 (M.D.Pa.) (Caputo, J.) (same).

Here, the plaintiff admits that the Dauphin County Prison had a grievance system in place through which he challenged both the confiscation of his newspapers, as well as the assessment of fees against his inmate account for room and board. Although the plaintiff alleges that the grievance procedure was slow and that he was ultimately unsuccessful in his challenges, there is no indication that the grievance system was an inadequate procedure through which the plaintiff could raise his challenges.

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

**(1)** the plaintiff's application to proceed *in forma pauperis*, **(Doc. No. 12)**, be **GRANTED**; and

---

[3]For the convenience of the reader, the court has attached copies of unpublished opinions cited within this document.

**(2)**   the plaintiff's complaint, **(Doc. No. 1)**, be **DISMISSED**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

Date: March 27, 2012

<span style="font-size: small;">O:\shared\REPORTS\2011 Reports\11-1945-01.wpd</span>